UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.

                                    Case No. 24-cv-1073-pp

JOHN DOE,
*subscriber assigned to IP address 65.30.212.66*,

        Defendant.

---

**ORDER OVERRULING OBJECTION TO SUBPOENA (DKT. NO. 12)**

---

On August 23, 2024, the plaintiff (the owner of "award-winning, critically acclaimed adult motion pictures," dkt. no. 1 at ¶2) filed a complaint alleging that an unknown individual (the defendant) using a particular IP address had engaged in direct copyright infringement "by downloading [the plaintiff]'s motion pictures as well as distributing them to others, id. at ¶4. The court granted the plaintiff leave to serve an early third-party subpoena to identify the individual associated with the IP address. Dkt. No. 9. The court stated in its order that the defendant or any other affected user would have fourteen days from the date of service of the subpoena to object to the release of his or her information. Id. at 8.

On December 3, 2024, the court received a letter stating that the sender was "objecting to the release of [his] information from Charter."[1] Dkt. No. 12. The next day, the plaintiff filed a response construing the objection as a motion to quash and a motion for protective order, arguing that the court should

---

[1] The court assumes "Charter" is the third-party internet service provider.

overrule the objection and instead issue a protective order allowing the sender to proceed under a John Doe pseudonym. Dkt. No. 13 at 1–2.

The court will overrule the objection and allow the sender to proceed under a pseudonym.

**I.    Motion to Quash**

The affected user's "objection" to the release of his information is in essence a motion to quash the subpoena.**2** See Strike 3 Holdings, LLC v. Doe, No. 22-CV-09171, 2023 WL 4763328, at *1 (C.D. Cal. June 2, 2023) (construing *pro se* defendant's "objection to subpoena" as a motion to quash). Federal Rule of Civil Procedure 45 provides that upon timely motion, the court "must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

"Generally, it is the person to whom a subpoena is directed who has standing to seek a motion to quash." Hunt Int'l Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D. Ill. July 28, 1983). But "a party has standing to move to quash a non-party subpoena if it 'infringes upon the movant's legitimate interests.'" Architectural Iron Workers' Loc. No. 63 Welfare Fund. v. Legna Installers Inc., Case No. 22-C-5757, 2023 WL 2974083 at *2 (N.D. Ill. Apr. 17, 2023) (quoting United States v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982)). "Examples of legitimate interests include asserting work product or attorney-

---

2 The court's order stated that the defendant had fourteen days from the date of service of the subpoena to file an objection. Dkt. No. 9 at 8. Although the affected user provides no information about when the subpoena was served, the court assumes for the sake of this motion that his objection was timely.

client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party." Id. (citing Parker v. Four Seasons Hotels, Ltd., 291 F.R.D. 181, 187 (N.D. Ill. 2013)). Though the affected user is not the party to whom the subpoena is directed, the court determines that he has standing to challenge the subpoena because the subpoena requests "production of private information about the party." Id.

But the affected user has stated no grounds for quashing the subpoena. The affected user "bears the burden of demonstrating that a subpoena falls within one of" the four categories listed in Rule 45(d)(3). Glacier Films (USA), Inc. v. Does 1-29, Case No. 15-4016, 2015 WL 8989217, at *1 (N.D. Ill. Dec. 15, 2015). Here, the affected user stated only that he was "objecting to the release of [his] information from Charter," without providing any reason for the objection. Dkt. No. 12. Other district courts addressing the same situation with this plaintiff have found that such a bare objection is insufficient grounds to quash a subpoena. Strike 3 Holdings, 2023 WL 4763328, at *1–2 (denying motion to quash where defendant stated no reason for the objection); Strike 3 Holdings, LLC v. Doe, Case No. 23-CV-00301, 2023 WL 4763335, at *1–2 (C.D. Cal. June 2, 2023) (same); Strike 3 Holdings, LLC v. Doe, Case No. 22-CV-01356, 2023 WL 2629023, at *1–2 (C.D. Cal. Feb. 9, 2023) (same). Other courts have rejected more fulsome motions to quash, finding that privacy reasons or failure to sufficiently identify a link between the user and the IP address at issue are not grounds to quash a subpoena. Strike 3 Holdings, LLC v. Doe, Case No. 18 CV 1945, 2019 WL 1122984 (D. Conn. Mar. 12, 2019); Strike 3 Holdings, LLC v. Doe, Case No. 18-CV-2648, 2019 WL 78987 (S.D.N.Y. Jan. 2, 2019).

Because the affected user has not established a basis to quash the subpoena under Rule 45, the court will overrule the affected user's objection.

## II.     Protective Order & Motion to Seal

In its response to the affected user's objection, the plaintiff asserts that there is good cause for the court to issue a protective order "safeguarding Defendant's [affected user] identity." Dkt. No. 13 at 2. The plaintiff contends that "'[i]t is safe to assume that most people would not want the public to know that they have been accused of illegally downloading pornographic movies,' and 'it is hard to identify any serious harm to the public in allowing defendant to proceed anonymously, at least at this early stage of the case.'" Id. (quoting Malibu Media, LLC v. Doe, Case No. 13-C-213, 2013 WL 5876192, at *3 (E.D. Wis. Oct. 31, 2013). The plaintiff asks the court to "seal" the objection at Dkt. No. 12 because it contains the affected user's name and identifying information. Id.

The court agrees that there is good cause to allow the defendant to proceed under a pseudonym. While litigating under a pseudonym generally is disfavored, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party whose identity is concealed] . . . exceeds the likely harm from concealment." Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004). There is at least some risk of harm to the defendant from being accused in public court documents of illegally downloading pornographic movies. Concealing the defendant's identity at this stage of the litigation is unlikely to cause any harm to the public. The court will allow the case to proceed with the defendant identified as John Doe.

Technically, the affected user who objected to the subpoena has not yet been identified as the defendant in this case. But the same balancing of the harms applies to a third-party's desire to litigate anonymously. The court will restrict to case participants (not seal) the documents filed by the affected user at Dkt. No. 12.

### III. Conclusion

The court **OVERRULES** the affected user's objection to the plaintiff's subpoena. Dkt. No. 12.

The court **ORDERS** that the clerk must **RESTRICT** the documents at Dkt. No. 12 to viewing by the court and the parties only. The caption of the case will continue to reflect that the defendant is "John Doe" until further order of the court.

Dated in Milwaukee, Wisconsin this 14th day of January, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**